IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HARRISON, #215 201, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-66-WKW |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the St. Clair Correctional Facility in Springville, Alabama, files this 42 U.S.C. § 1983 against the Alabama Department of Corrections, the Bullock Correctional Facility, Warden Jones, Dr. Kurn, Dr. Groat, and Warden Mason.[1] He alleges that he has a computerized radio transmitter in his abdomen which was disguised in something he ate. In filing this lawsuit, Plaintiff seeks damages and injunctive relief in the form of an immediate trip to the infirmary for an x-ray. *Doc. No. 7* at 3. The court has carefully reviewed the allegations in the instant complaint. From that review the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I. DISCUSSION**

Plaintiff alleges a claim for medical malpractice and violations of his Fourth and Eighth Amendment rights. According to the amended complaint, after arriving at the Bullock Correctional Facility on December 31, 2014, Plaintiff informed Drs. Groat and Kurn he had a

---

[1] Plaintiff originally filed the instant complaint on January 12, 2015. By order entered January 15, 2015, the United States District Court transferred the complaint to this court. *See Doc. No. 2*. Plaintiff filed an amendment to the complaint on February 4, 2015. *See Doc. No. 6*. On February 11, 2015, Plaintiff filed an amended complaint. *See Doc. No. 7*. This matter is proceeding on the February 11 amended complaint.

computerized transmitter in his abdomen which had been disguised in something he ate while on the segregation unit at the St. Clair Correctional Facility. Plaintiff also informed Drs. Kurn and Groat how the device operated and was programmed with a voice "24/7 assisting [him] to kill [himself]." The transmitter, Plaintiff claims, operates like a tracking device which causes him physical, psychological, and mental trauma. He states he submitted sick call requests and medical grievances regarding sharp pains/vibrations which radiate throughout his body and about peculiar noises in his stomach. A medical x-ray, Plaintiff asserts, will "aver" his claims. *Doc. No. 7* at 3-4.

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity under 42 U.S. C. § 1983, the court must conduct an initial evaluation of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A claim is frivolous if it lacks an arguable basis in law or fact. *Id.*; *see also Denton v. Hernandez*, 504 U.S. 25 (1992). The provisions of §1915(e)(2)(B)(i) give a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Examples of such claims are those that describe "fantastic or delusional scenarios." *Id*. at 328.

After carefully reviewing Plaintiff's allegations, the court concludes that the facts he alleges present a fantastic and delusional scenario.  The allegations made by Plaintiff present no logical set of facts to support any claim for relief.  Rather, the claims presented by Plaintiff are the types of claims which should be subject to dismissal because they rise to the level of the irrational and reflect the thoughts of a paranoid and/or delusional individual.  In light of the foregoing, the court concludes that Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before March 5, 2015**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th

Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth

Circuit handed down prior to the close of business on September 30, 1981.

Done this the 19th day of February, 2015.


_____
/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE